Holding et al., Appellants, *v.* Chappel et al., Appellees.

(No. 13114—Decided October 14, 1987.)

*James A. Rudgers* and *Terence E. Scanlon,* for appellants.

*John J. Lynett,* for appellees.

George, J. Plaintiff-appellant Thomas Holding, a pedestrian crossing a street against the light, was struck by an automobile driven by defendant-appellee, James F. Chappel. Holding was severely and permanently injured. The jury assessed his damages at $1,000,000. Interrogatories submitted to the jury reflected that Holding was eighty-four percent negligent, while Chappel was sixteen percent negligent. The jury returned a verdict for Chappel and the trial court entered judgment accordingly. Holding appeals.

First, Holding urges error in the jury's determination of the comparative negligence of the parties claiming that such a finding was against the manifest weight of the evidence. The record describes a pedestrian, Holding, crossing a four-lane street against a traffic light, without regard to the traffic travelling the street, walking at an unremarkable pace while looking down. Another driver, not involved in this action, was forced to bring his automobile to a stop to avoid hitting Holding. Chappel, driving down this same street, had the right-of-way. He took his eyes off the road in front of him when he was distracted by moving traffic on an overhead bridge.

The jury was asked to answer six interrogatories:

"1. Do you find that the Defendant was negligent?

"Jury's answer: Yes.

"2. * * * was the Defendant's negligence a proximate cause of injury to Plaintiff?

"Jury's answer: Yes.

"3. * * * what is the total amount of damages which would fully and fairly compensate the Plaintiff? In making this determination you must disregard any negligence on the part of the Plaintiff.

"Jury's answer: $1,000,000.

"4. Do you find that Plaintiff was negligent?

"Jury's answer: Yes.

"5. * * * was Plaintiff's negligence a proximate cause of his injury?

"Jury's answer: Yes.

"6. * * * what are the percentages of negligence proximately resulting in injury attributable to the parties?

"Jury's answer: Plaintiff    84%
            Defendant   16%
            Total      100%"

The final interrogatory further instructed the jury that if Holding's negligence was greater than Chappel's, they were to return a verdict for Chappel. If Holding's negligence was equal to or less than Chappel's negligence, then they were to return a verdict for Holding. Further, they were instructed not to adjust the amount of damages found in Interrogatory No. 3, because the law required the court to make that adjustment.

In reviewing the answers to the interrogatories, the jury's general verdict for Chappel and the record, each supports the finding of the jury as to the comparative negligence of the parties. The jury, as the fact-finder, once satisfied that both parties were negligent, was to apportion between them their comparative fault. The record supports the weight given by the jury in comparing their respective fault in causing Holding's injuries. Thus, this assignment of error is overruled.

Next, Holding urges the commission of error by the trial court in the giving of its instruction to the jury. The trial court, in part, charged the jury as follows:

"Motorists are required to use ordinary care to observe other traffic and to control their vehicle to avoid injury to the person of another if it can be avoided through the exercise of ordinary care.

"Now, the operator of a motor vehicle must exercise ordinary care under the circumstances to avoid a collision with a pedestrian.

"The mere fact that the driver has the right-of-way or that the pedestrian failed to yield the right-of-way or was otherwise negligent does not relieve the driver of his duty of ordinary care toward the Plaintiff as I have defined that duty to you.

"Under Ohio law a driver must exercise ordinary care to avoid colliding with a pedestrian regardless of the pedestrian's negligence.

"* * *

"The driver of a vehicle who has the right-of-way has the right to travel uninterruptedly in a lawful manner. He has the right to rely upon his preferred status and to assume, in the absence of knowledge to the contrary, that others will obey the law by not entering into his travel path.

"Right-of-way means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle or pedestrian approaching from a different direction into its path.

"The preferred party has an absolute right-of-way unless he violates a statute. *He can not lose his right-of-way by failure to use ordinary care.*" (Emphasis added.)

Holding specifically takes issue with the statement in the charge that a driver does "not lose his right-of-way by failure to use ordinary care." Holding claims that when Chappel failed to use due care to watch the road ahead of him, he was not proceeding lawfully and hence lost the right-of-way.

The trial court gave a correct statement of law. R.C. 4511.13(A)(1) provides that "* * * [v]ehicular traffic, * * * facing a circular green signal may proceed straight through * * *." This language gives a vehicle the right-of-way when there is a green signal controlling the direction of its travel. R.C. 4511.01(UU) defines "right-of-way" as:

"* * * [T]he right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to * * * [a] pedestrian approaching from a different direction into its * * * path."

It is the vehicle, not the driver, that must move in a lawful manner in order for it to retain the right-of-way conferred on it by R.C. 4511.13(A)(1).

The phrase "in a lawful manner" has been interpreted as being " '* * * a *sine qua non* obligation placed upon the vehicle upon which the right of way is conferred. If such vehicle is not proceeding in a lawful manner * * * but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of * * * [the driver and the pedestrian] are governed by the rules of common law.' " *Deming* v. *Osinski* (1970), 24 Ohio St. 2d 179, 181-182, 53 O.O. 2d 387, 388, 265 N.E. 2d 554, 556, quoting *Morris* v. *Bloomgren* (1933), 127 Ohio St. 147, 191 N.E. 3, paragraph three of the syllabus. Therefore, whether or not the driver exercised his common-law duty of ordinary care is not a consideration in determining whether the vehicle was proceeding in a lawful manner. Only after it has been found that the vehicle is not proceeding in a lawful manner, by violating a law or ordinance, does the consideration of the driver's common-law duty to use ordinary care come into play.

Accordingly, the trial court's charge to the jury that the driver does not lose his right-of-way by failing to use ordinary care was proper. See 2 Ohio Jury Instructions (1986) 184, Section 225.41(3), Comment. This assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.