JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, James Salter, appeals his conviction for driving under the influence in violation of R.C.4511.19.[1] In the early hours of the morning, two police officers on patrol were waiting at a red light in their patrol car when they saw a 1993 Cadillac moving in front of them at a high rate of speed.[2]
 {¶ 2} The officers turned the corner and followed the Cadillac. They saw the car weave in and out of traffic and cross the double yellow line. One officer explained they "determin[e] how fast a car is going by keeping the same pace * * * at a distance." They "paced" the car going 50 mph in a 25 mph zone. They then pulled the car over.
 {¶ 3} The officer who approached the driver's side of the car testified that he detected the odor of alcohol coming from the inside of the car. He also testified that defendant, who was driving the car, fumbled while reaching for his wallet and had slurred speech. Defendant was unable to produce a driver's license and instead provided the officer with a military ID with his picture on it.
 {¶ 4} The officer informed him that he was under arrest for driving without a license. The officer then ordered defendant from his car so he could perform a sobriety test. In the opinion of the officers, defendant was too inebriated to perform the sobriety tests: he was unable to stand without holding onto the car and unable to walk unassisted or to stand alone. The officers put him into the back of the squad car and took him to the station for a breathalyzer test.
 {¶ 5} Defendant was verbally abusive to both the arresting officers as well as the officer assigned to administer the breathalyzer test. All three officers testified that his speech was so slurred that it was nearly unintelligible. Defendant refused to take the test.
 {¶ 6} Defendant filed a motion to suppress any evidence emanating from his traffic stop. Following a full hearing and subsequent briefing, the trial court denied this motion. Defendant then pleaded no contest and was convicted of driving under the influence. Defendant appeals, raising two assignments of error, the first of which states:
 {¶ 7} The trial court erred by granting [sic] appellant's motion to suppress when the police improperly stopped appellant's vehicle.
 {¶ 8} Defendant claims that because the police lacked probable cause for the traffic stop and because they lacked the authority to arrest him for a minor misdemeanor, any evidence obtained as a result of the stop or the arrest must be suppressed. Defendant argues that the stop was improper because the police lacked radar or laser devices to detect his speed and therefore could not prove he had been speeding. He argues that the police, therefore, lacked a legitimate reason to stop him.
 {¶ 9} When conducting a suppression hearing, the court is the trier of fact and its findings of fact must be accepted by the reviewing court as long as they are supported by competent credible evidence. State v. Mills (1992), 62 Ohio St.3d 357,366; State v. Smith (1991), 61 Ohio St.3d 284, 288. The reviewing court then independently determines "whether the applicable legal standard has been satisfied." State v. Seals
(Dec. 30, 1999), Lake App. No. 98-L-206, 1999 Ohio App. LEXIS 6398, at *5.
 {¶ 10} The trial court determined that the evidence supported the legitimacy of the stop. Both officers testified that defendant crossed the double yellow line while he was weaving in and out of traffic. This violation provided adequate grounds for a traffic stop. R.C. 4511.33 prohibits crossing the double yellow lines. As the court found in State v. Bigley, Medina App. No. 02CA0017-M, 2002-Ohio-4149, 2002 Ohio App. LEXIS 4319 at *8-9, defendant "committed a minor traffic violation, namely crossing over the double yellow line." It is well established that a traffic stop is justified when an officer sees a vehicle cross over a set of double yellow lines. State v. Matlack (Nov. 2, 1995), 4th Dist. No. 95 CA1658, 1995 Ohio App. LEXIS 4945. Once the police observed defendant crossing the center line, they clearly had a reason to stop him. Accordingly, the first assignment of error is without merit.
 {¶ 11} The trial court erred by granting [sic] appellant's motion to suppress when the police improperly arrested appellant.
 {¶ 12} Defendant argues that even if the stop was not improper, driving without a license is a minor misdemeanor and in itself does not justify arresting the person; thus any evidence collected after the arrest should be suppressed. He relies on R.C. 2935.26, which states in pertinent part:
 {¶ 13} Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:
 {¶ 14} The offender requires medical care or is unable to provide for his own safety.
 {¶ 15} The offender cannot or will not offer satisfactory evidence of his identity.
 {¶ 16} The Ohio Supreme Court has held that arresting a person for a minor misdemeanor violates Article I, Section 14 of the Ohio Constitution and that evidence obtained subsequent to that improper arrest must be excluded. State v. Brown (2003),99 Ohio St.3d 323, 327. Defendant argues that if the arrest violated R.C. 2935.26, the court must exclude any evidence of his alleged inebriation.
 {¶ 17} In the case at bar, there may be a dual basis for defendant's arrest. Officer Durst said he had "placed him under arrest once he couldn't produce a driver's license." He agreed with defense counsel's statement "that at that point, he was placed under arrest regardless of whether he had passed the field sobriety test." Tr. at 83-85. He explained that after defendant was unable to perform the field sobriety test, he was placed under arrest for DUI. Tr. 77.
 {¶ 18} On the other hand, Officer Mooneyham said defendant was arrested because of a DUI. He said "I had advised him that he was, you know, placed under arrest for DUI." Tr. 54. However, he also said: "My partner informed him that he was under arrest for no driver's license at the time." When he was asked, "Not having a driver's license on his person in the city of Cleveland, is that what he was under arrest for, he answered, "Initially, yes." Tr. 59. The officer further said that not having a driver's license with him was "a minor misdemeanor" but "an arrestable offense."
 {¶ 19} From this testimony we conclude that defendant's failure to show his driver's license when the officer asked him for it, was the initial reason for the arrest. This was the reason stated by the officer who first spoke to defendant through the driver's window. Apparently, a second reason arose from defendant's subsequent behavior.[3]
 {¶ 20} Defendant errs in classifying the initial basis of the arrest, that is, defendant's failure to display his license upon request, as a minor misdemeanor. As the City explained, the failure to display one's license is a misdemeanor of the first degree. This violation is defined under Cleveland City Ordinance 435.06. And Cleveland City Ord. 403.99(G)(5) classifies any violation of 435.06 as a misdemeanor of the first degree. Moreover, for such a violation defendant was, as the officer said, "arrestable." State v. Rose (1991), 75 Ohio App.3d 656.
 {¶ 21} Defendant claims further that the officer's mistaken belief that the violation was only a minor misdemeanor and that he was authorized to arrest defendant for a minor misdemeanor without any qualifying factors invalidated the propriety of the arrest. "The test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent individual in believing that the defendant had committed or was committing an offense. * * * This is a question of law. The arresting officer's subjective belief or motivation in the detention of an individual is not material to the legality of the detention; the correct test is whether there was objective justification for the detention and arrest." State v. Deters
(1998), 128 Ohio App.3d 329, 333, citations omitted. See also,State v. Pugh (Aug. 11, 2000), Hamilton App. No. C-990867;State v. Stringer (Feb. 24, 1999), Scioto App. No. 97 CA 2506.
 {¶ 22} Defendant's failure to produce his license was objective justification of a violation, which was a first degree misdemeanor, even if the officer was mistaken as to the type of misdemeanor. His arrest, therefore, was not improper, and the trial court correctly denied defendant's motion to suppress. Accordingly, the second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Cooney, J., concur.
[1] The indictment stated that defendant "did operate a vehicle within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." The indictment also noted that defendant had previously been convicted "on or about the 26th day of May 1999 * * * for the crime of Driving Under the Influence, in violation of Revised Code Section 4511.19 of the State of Ohio."
[2] Both officers observed the high speed, but there is confusion as to the direction defendant was coming from when the officers first observed him. One officer said defendant was coming from the west and turned the corner with tires "chirping" as they passed over the "bad pavement." The second officer, however, said defendant was coming from the north and speeding so fast across the center of the intersection, which had bumps, that "you could see his car hitting the pavement like it was bottoming out."
[3] One officer testified that he issued a ticket to defendant for driving 50 MPH in a 25 mph zone. This ticket, however, is not in the record before this court.