OPINION
{¶ 1} Plaintiff-appellant Sue Luke appeals a summary judgment of the Court of Common Pleas of Licking County, Ohio, entered in favor of defendant-appellee Neal Tonner. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING THE MOTION OF DEFENDANT NEIL TONNER FOR SUMMARY JUDGMENT AND IN ENTERING JUDGMENT FOR THAT DEFENDANT ON THE BASIS THAT DEFENDANT HAD THE LEGAL RIGHT OF WAY.
 {¶ 3} "II. THE TRIAL COURT ERRED IN STRIKING AFFIDAVIT TESTIMONY ON THE BASIS OF HEARSAY."
 {¶ 4} Certain facts are undisputed. On November 28, 2003, the Friday after Thanksgiving, Diana Brown was driving northbound along State Route 79, with appellant as a passenger. In the area where the accident occurred, State Route 79 has five lanes: two lanes northbound, two lanes southbound, and a center lane from which traffic from either direction could make left turns. Traffic was extremely heavy. The southbound traffic on State Route 79 was backed up in the curb lane but the middle lane of State Route 79 southbound was less congested. Brown began to make a left turn across the southbound lanes, intending to pull into a store parking lot, but collided with appellee's car. Appellee had been in the southbound curb lane but moved into the middle southbound lane (not the center left turn lane) to pass the backed up traffic. Brown deposed she did not see appellee's vehicle until they collided. Appellee deposed he was watching many cars turning in all directions at the time of the accident and was not aware of Brown's vehicle before the collision. Appellee's vehicle struck the right rear of Brown's vehicle, and the Brown vehicle spun 360 degrees before finally coming to rest some 25 feet from where the accident occurred. Appellant suffered serious injuries and both vehicles were declared total losses.
 I II {¶ 5} We will address both assignments of error together because they are interrelated.
 {¶ 6} Civ. R. 56 (C) states: "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 7} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Houndshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 8} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App. 3d 826.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, Drescher v. Burt (1996),75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. A fact is material if it affects the outcome of the action under the applicable substantive law, Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301.
 {¶ 10} The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v. Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 11} Appellee filed his motion for summary judgment, arguing he had the right of way to proceed down State Route 79, and Brown had failed to yield the right of way to him, causing the accident.
 {¶ 12} In response to the motion for summary judgment, appellant presented the affidavit of Diana Brown. In her affidavit, Brown asserted appellee's vehicle was traveling at excessive speed, given the fact the Brown vehicle spun 360 degrees after the impact, and was declared a total loss.
 {¶ 13} In addition, Brown's affidavit alleged she was contacted by Dave Beaumont, an agent for Allstate Insurance, appellee's insurance carrier. She alleged during her consultation with him, Beaumont told her Allstate had engaged in a roundtable meeting regarding the accident. Beaumont allegedly told Brown as a result of the meeting, the insurance company concluded appellee was forty percent at fault for the accident. Beaumont allegedly told Brown Allstate had determined appellee was driving at an excessive rate of speed, between ten and fifteen miles per hour over the posted speed limit. Brown's affidavit stated Beaumont told her appellee must have been going approximately 50 m.p.h. at the time of the accident because the force of the impact made her vehicle spin 360 degrees and her vehicle was totaled.
 {¶ 14} Brown also alleged Beaumont informed her appellee had changed lanes within 500 feet of an intersection, which he said was illegal. Further, Beaumont allegedly stated appellee should have been going under the posted speed limit because of the weather conditions on that day.
 {¶ 15} Appellee moved the trial court to strike the portions of Brown's affidavit alleging what Beaumont had told her, arguing it was hearsay, but not elaborating further on this issue. The trial court struck the paragraphs of Brown's affidavit describing what Beaumont said, and granted summary judgment because appellant had not presented evidence appellee was responsible for her injuries.
 {¶ 16} The question of appellee's speed and lane change is crucial because if appellee was operating his vehicle in a lawful manner, he had the right of way. A driver who has the legal right of way cannot be contributorially negligent for an accident even if, as appellant argues, the driver may not have been watching the road directly in front of him just before the accident. The trial court properly cited Deming v. Osinski (1970),24 Ohio St. 2d 179, for the proposition a vehicle with the right of way has an obligation to proceed in a lawful manner, and may expect oncoming vehicles to yield the right of way. If the driver who holds the right of way realizes another person is not yielding, he has the duty of ordinary care not to injure the other person. However, only if the driver with the right of way violates a traffic ordinance does consideration of this common law duty come into play, Holding v. Chappel (1987), 41 Ohio App. 3d 250.
 {¶ 17} The trial court found affidavits must be based on personal knowledge, which may be inferred from specific facts set forth in the affidavit, Judgment Entry of March 2, 2006, citations deleted. The trial court found the portions of Brown's affidavit relating her discussion with Beaumont and the opinions of his insurance company are not within her personal knowledge.
 {¶ 18} Evid. R. 801 defines hearsay as a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Certain statements are not hearsay, however, including admissions by party opponents. These admissions may take several forms, including statements by a person authorized by the party to make a statement concerning the subject, or a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship.
 {¶ 19} In addition, Civ. R. 803, 804, and 807 carve out exceptions to the hearsay rule, and Article IV of the Rules of Evidence also set out certain types of evidence a court should not consider. Hearsay issues may be complex and the Rules are not always easily applied.
 {¶ 20} Of interest is the case of Leffingwell v. Wal-MartStores (November 20, 1995), Lawrence Appellate No. 95CA13. In this case, a customer slipped and fell in a Wal-Mart store. In opposition to Wal-Mart's motion for summary judgment, the customer submitted his deposition in which he recounted a telephone conversation he allegedly had with an insurance adjuster apparently acting on behalf of Wal-Mart. In his deposition, the customer stated the adjuster told him the insurance company would take care of his medical bills. The customer alleged the insurance adjuster told him he had slipped in dishwashing liquid. The adjuster further stated this spill had been reported, but it had not yet been cleaned up.
 {¶ 21} Wal-Mart challenged the admission of this evidence citing Evid. R. 408, which prohibits the introduction of evidence of statements made during compromise negotiations. The Fourth District Court of Appeals found offers of compromise must be excluded, but if a statement is not made in the context of an offer of compromise, it is not granted the protection of the exclusionary rule, Wal-Mart at 3, citations deleted. The Fourth District noted the record contained no evidence the disputed statements had been made in the course of compromise negotiations.
 {¶ 22} The Court of Appeals also found, construing the evidence in the light most favorable to the customer, the deposition testimony created genuine issues of material fact regarding whether the adjuster was Wal-Mart's agent and whether the statements were made during settlement discussions. For this reason, the court found a determination of the admissibility of the disputed deposition testimony was premature and summary judgment was improper.
 {¶ 23} As in the Wal-Mart case, viewing the evidence in a light most favorable to appellant, we find the trial court had insufficient information before it to determine whether the disputed allegations are hearsay, and if they are hearsay, whether any exceptions apply. Appellee did not meet his burden of demonstrating the statement should be stricken. Accordingly, this creates genuine issues of material fact, and summary judgment was improper.
 {¶ 24} The second assignment of error is sustained. The first assignment of error is dismissed as premature.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., concurs
Hoffman, J., concurs separately;
Farmer, J., dissents
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.