[Cite as *Koepke v. Metro. Property & Cas. Ins. Co.*, 2017-Ohio-4084.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Katherine Koepke, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-601 |
| v. | : | (C.P.C. No. 13CV-10738) |
| Metropolitan Property and Casualty Insurance Company, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 1, 2017

**On brief:** *Butler, Cincione & DiCuccio, William A. Davis,* and *N. Gerald DiCuccio,* for appellant. **Argued:** *William A. Davis.*

**On brief:** *Roetzel & Andress, LPA, Bradley L. Snyder,* and *Andrew S. Good,* for appellee. **Argued:** *Andrew S. Good.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Katherine Koepke, appeals a judgment of the Franklin County Court of Common Pleas that granted summary judgment to defendant-appellee, Metropolitan Property and Casualty Insurance Company ("Metropolitan"). For the following reasons, we reverse that judgment and remand this case to the trial court.

{¶ 2} On September 22, 2012, at approximately 2:00 a.m., Koepke attempted to walk across Godown Road at a location approximately 300 to 4oo feet north of the

intersection with Bethel Road.  No crosswalk existed at the point where Koepke tried to traverse Godown Road.

{¶ 3}  Before crossing the road, Koepke looked both ways and saw no approaching traffic.  As she walked across the southbound lane of Godown Road, Koepke saw a vehicle turn left off of Bethel Road into the northbound lane of Godown Road.  Koepke adjudged the vehicle as driving too fast for her to safely cross the northbound lane, so she stopped and stood in the middle of Godown Road.  In the location where Koepke stopped, yellow paint forms a wedge-shaped area that precedes the left-hand turn lane for traffic traveling south on Godown Road that intends to turn left, or east, onto Bethel Road (hereinafter we will refer to the wedge-shaped area as "the median").  The median is interspersed with wide, yellow diagonal lines and bound on each side by double-yellow lines.  Koepke stopped there because, as she later stated, "[c]ars can't drive in yellow lines."  (Apr. 28, 2014 Koepke Dep. at 103.)

{¶ 4}  After the vehicle turned onto Godown Road, it swerved to the right, corrected itself, and then swerved in Koepke's direction.  Koepke started backing up when she saw the vehicle driving at her, but the vehicle struck Koepke, causing her serious injury.  At the time the vehicle hit Koepke, she was still standing in the median.  Koepke believes that the front, driver side of the vehicle hit her and the driver-side mirror cut her above her right eyebrow.  Because the vehicle left the scene after hitting Koepke, the identity of the driver is unknown.

{¶ 5}  On September 26, 2013, Koepke filed suit against Metropolitan for breach of contract.  In her complaint, Koepke alleged that she was insured under an automobile liability policy issued by Metropolitan that provided her with uninsured motorists coverage.  Koepke sought to recover under that policy for the damages caused by the hit-and-run driver.

{¶ 6}  After conducting discovery, Metropolitan moved for summary judgment.  Metropolitan argued that it was entitled to judgment in its favor because Koepke could not prove that the hit-and-run driver was negligent.  Under Koepke's insurance policy, Metropolitan agreed to pay for damages caused by an uninsured motorist only if Koepke was legally entitled to collect those damages from the uninsured motorist.  Metropolitan reasoned that because the hit-and-run driver was not negligent, Koepke could not recover

damages from him, and consequently, her accident was not covered under the policy. In a judgment issued July 28, 2016, the trial court agreed with Metropolitan's argument and granted Metropolitan summary judgment.

{¶ 7} Koepke now appeals the July 28, 2016 judgment, and she assigns the following error:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, BY RULING AS A MATTER OF LAW THAT NO EVIDENCE EXISTED THAT THE UNKNOWN HIT AND RUN DRIVER WHO STRUCK PLAINTIFF AS A PEDESTRIAN WAS NEGLIGENT, AND THE PLAINTIFF WAS NOT "REASONABLY DISCERNABLE."

{¶ 8} A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 9} In order to recover for negligence, a plaintiff must prove: (1) the existence of a legal duty, (2) breach of that duty, (3) a causal connection between the breach and an injury, and (4) damages. *Cromer v. Children's Hosp. Med. Ctr.*, 142 Ohio St.3d 257, 2015-Ohio-229, ¶ 23. Here, Metropolitan argues that the trial court properly granted it summary judgment because Koepke cannot establish that the hit-and-run driver owed her any duty. This argument rests on Metropolitan's interpretation of R.C. 4511.48(A) and 4511.01(UU)(1).

{¶ 10} Pursuant to R.C. 4511.48(A), "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles, trackless trolleys, or streetcars upon the roadway." As used in R.C. 4511.48(A), the phrase "right of way" means:

> The right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its * * * path.

R.C. 4511.01(UU)(1).

{¶ 11} In determining how R.C. 4511.48(A) and 4511.01(UU)(1) work together, Ohio courts look to *Deming v. Osinski*, 24 Ohio St.2d 179 (1970). *See Kurz v. Great Parks of Hamilton Cty.*, 1st Dist. No. C-150520, 2016-Ohio-2909, ¶ 15-16; *Smith v. Bond*, 7th Dist. No. 15 BE 0078, 2016-Ohio-5883, ¶ 16-17, 31-33; *McQueen v. Perry*, 10th Dist. No. 12AP-237, 2012-Ohio-5522, ¶ 11-13; *Wallace v. Hipp*, 6th Dist. No. L-11-1052, 2012-Ohio-623, ¶ 11-17; *Leahy v. Richardson*, 5th Dist. No. 10CAE080065, 2011-Ohio-3214, ¶ 71-82. In *Deming*, the Supreme Court of Ohio considered whether a trial court properly instructed a jury on contributory negligence where the defendant, who was turning left, failed to yield the right of way to the plaintiff. At the time of the accident, the Ohio traffic code required all vehicles turning left, like the defendant's vehicle, to yield the right of way to any vehicle approaching from the opposite direction, like the plaintiff's vehicle. *Id.* at 180, quoting former R.C. 4511.42. The traffic code contained the same definition of "right of way" as it does today. *Id.*, quoting former R.C. 4511.01(TT).

{¶ 12} The trial court instructed the jury that the plaintiff had the duty to "look, look effectively and continue to look and otherwise remain alert" to the defendant's actions. *Id.* The trial court further told the jury that, if it found that the plaintiff failed to satisfy that duty, the jury could find the plaintiff contributorily negligent. *Id.* The Supreme Court of Ohio found these instructions erroneous. *Id.* at 181.

{¶ 13} First, the Supreme Court held that, because the defendant had an obligation to yield the right of way to the plaintiff under the Ohio traffic code, the plaintiff enjoyed a "preferential status" and did not owe the defendant a common-law duty of care. *Id.*, quoting *Morris v. Bloomgren*, 127 Ohio St. 147 (1933), paragraph two of the syllabus.

That preferential status, however, depended on whether the plaintiff was actually exercising the right of way at the time of the accident. To exercise the right of way, a driver must be proceeding "in a lawful manner," as stated in the statutory definition of "right of way." *Id.*, quoting *Morris* at paragraph one of the syllabus. If a driver instead proceeds in violation of a law or ordinance, then he " 'loses [his] preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rules of the common law.' " *Id.* at 182, quoting *Morris* at paragraph three of the syllabus. *Accord Carrozza v. Landis*, 10th Dist. No. 11AP-1009, 2012-Ohio-6194, ¶ 15 (" 'The law gives to the operator of a vehicle on the highway who has the right of way a shield, an absolute right to proceed uninterruptedly, but he forfeits the shield if he fails to proceed in a lawful manner.' "); *Lydic v. Earnest*, 7th Dist. No. 02 CA 125, 2004-Ohio-3194, ¶ 32, quoting *Holding v. Chappel*, 41 Ohio App.3d 250, 252 (9th Dist.1987) (" 'Only after it has been found that the vehicle [with preferential status] is not proceeding in a lawful manner, by violating a law or ordinance, does the consideration of the driver's common-law duty to use ordinary care come into play.' ").

{¶ 14} Second, the Supreme Court held that a driver with preferential status " 'has the right to assume that [the other driver] will obey the law by yielding the right of way.' " *Deming* at 182, quoting *Morris* at paragraph five of the syllabus. But, if the driver with preferential status " 'discovers that the [other driver] is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the [driver with the preferential status] to use ordinary care not to injure the [other driver] after becoming aware of his perilous situation.' " *Id.*

{¶ 15} While *Deming* did not involve a pedestrian, the statute interpreted in *Deming* is similar to R.C. 4511.48(A) in that it required one user of the roadway to yield the right of way to another user of the roadway. Consequently, as we stated above, Ohio courts have applied the rules articulated in *Deming* to negligence cases involving pedestrians who cross a roadway outside of a marked or unmarked crosswalk. We will do the same.

{¶ 16} Here, Koepke did not use either a marked or unmarked crosswalk to cross Godown Road. Thus, under R.C. 4511.48(A), Koepke had to yield the right of way to all vehicles on Godown Road. Pursuant to the principles laid down in *Deming*, drivers on

Godown Road owed no common-law duty of care to Koepke, as long as they proceeded lawfully and failed to discover the dangerous condition caused by Koepke's presence in the roadway.

{¶ 17} In arguing that the hit-and-run driver owed no duty to Koepke, Metropolitan focuses on the lack of evidence proving that the driver realized prior to the accident that Koepke was standing in the middle of Godown Road. Due to this lack of evidence, Metropolitan contends that the hit-and-run driver maintained a preferential status, and consequently, did not owe Koepke a duty of due care. Metropolitan ignores, however, that drivers can lose their preferential status if they do not proceed lawfully. If a driver loses his preferential status, then "the driver and the pedestrian have 'an equivalent obligation of exercising ordinary care.' " *Gagnet v. Downes*, 6th Dist. No. L-00-1282 (Oct. 26, 2001), quoting *State v. Ward*, 105 Ohio App. 1, 11 (3d Dist.1957).

{¶ 18} Not surprisingly, Koepke points out the deficiency in Metropolitan's argument. Koepke also contends that she presented evidence that the hit-and-run driver struck her while violating the Ohio traffic code; namely, R.C. 4511.33(A)(1). Given this evidence, Koepke argues that the hit-and-run driver owed her a duty to exercise due care.

{¶ 19} According to R.C. 4511.33:

> (A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
>
> (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

Thus, subject to limited exceptions, R.C. 4511.33(A)(1) "requires a driver to drive a vehicle entirely within a single lane of traffic." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 16. Generally, crossing the double-yellow lines is a violation of R.C. 4511.33(A)(1). *State v. Wooten*, 11th Dist. No. 2004-L-084, 2006-Ohio-199, ¶ 20; *State v. Salter*, 8th Dist. No. 83194, 2004-Ohio-4086, ¶ 10.

{¶ 20} Here, Koepke testified that she was standing in the median when the hit-and-run driver struck her with the front, driver side of his vehicle. Double-yellow lines

delineate the boundaries of the median. Given Koepke's location at the time of the collision, a question of fact remains regarding whether the hit-and-run driver crossed the double-yellow lines on the eastern boundary of the median. While such a maneuver is legal if a driver first ascertains that he can perform it with safety, the very fact that the hit-and-run driver struck Koepke calls into question whether the hit-and-run driver made the required safety calculation. Moreover, Koepke's testimony regarding the hit-and-run driver's erratic driving immediately prior to the accident creates a question of fact regarding whether the hit-and-run driver planned to leave his lane or, instead, lost control of his vehicle. If the trier of fact concludes that the driver lost control, it may infer that the driver crossed the double-yellow lines without first ascertaining that he could safely leave his lane.

{¶ 21} Due to the existence of questions of fact regarding whether the hit-and-run driver violated R.C. 4511.33(A)(1), we conclude that the trial court erred in granting Metropolitan summary judgment. If a trier of fact concludes that the hit-and-run driver was proceeding unlawfully when he hit Koepke, then the driver may be liable for negligence. Accordingly, we sustain Koepke's assignment of error to the extent that it alleges error in the grant of summary judgment because questions of fact remain regarding the hit-and-run driver's negligence.[1]

{¶ 22} For the foregoing reasons, we sustain the sole assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas, and we remand this case to that court for further proceedings consistent with law and this decision.

*Judgment reversed; cause remanded.*

TYACK, P.J., and BRUNNER, J., concur.

_____

[1] Koepke's assignment of error also asserts that the trial court erred in finding that she was not reasonably discernable. We express no opinion regarding that issue because resolution of this appeal does not require our review of that issue.