[Cite as *State v. Kuhn*, 2021-Ohio-2165.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| --- | --- | --- | --- |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 20CA0070-M |
| --- | --- | --- |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT KUHN | | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 19TRC03978 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2021

TEODOSIO, Judge.

{¶1} Appellant, Robert F. Kuhn, appeals from the judgment of the Wadsworth Municipal Court denying his motion to suppress. This Court affirms.

I.

{¶2} Sergeant Joe Rose of the Wadsworth Police Department was traveling northbound on Route 94 at approximately 2:30 A.M. when he began following a vehicle driven by Mr. Kuhn. Sergeant Rose observed Mr. Kuhn's vehicle commit two traffic violations: a marked lanes violation and a changing lanes without signaling violation. The sergeant initiated a traffic stop of the vehicle and, soon thereafter, subjected Mr. Kuhn to field sobriety testing. Upon completion of the testing, Sergeant Rose placed Mr. Kuhn under arrest for operating a vehicle under the influence of alcohol. Mr. Kuhn submitted to a breathalyzer test, the results of which indicated a blood-alcohol content of .081. He was charged with two counts of operating a vehicle under the influence of alcohol, in violation of both R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d).

{¶3} Mr. Kuhn filed a motion to suppress and argued that the sergeant did not have a reasonable suspicion to stop his vehicle. Following a hearing on the matter, the trial court denied the motion to suppress. Mr. Kuhn then pled no contest to the charges, and the trial court found him guilty. The court merged and dismissed the R.C. 4511.19(A)(1)(d) offense. The court sentenced Mr. Kuhn to 30 days in jail, but suspended 27 days and permitted Mr. Kuhn to serve the remaining three days in a 72-hour driver intervention program. The court also fined him $475.00, placed him on probation for one year, suspended his driver's license for one year, assessed six points on his license, and ordered him to complete 24 hours of community service. The sentence was stayed pending appeal.

{¶4} Mr. Kuhn now appeals from the trial court's judgment denying his motion to suppress and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING APPELLANT[] ROBERT KUHN'S MOTION TO SUPPRESS THEREBY ALLOWING INTRODUCTION OF EVIDENCE CONCERNING THE CASE AT BAR.

{¶5} In his sole assignment of error, Mr. Kuhn argues that the trial court erred in denying his motion to suppress. We disagree.

{¶6} The Supreme Court of Ohio has stated:

Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶7}    The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." Article I, Section 14, of the Ohio Constitution contains nearly identical language. The traffic stop of a vehicle constitutes a seizure for purposes of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-810 (1996). "'[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question.'" *State v. Jackson*, 9th Dist. Summit No. 28625, 2018-Ohio-19, ¶ 16, quoting *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996). *See also State v. Bralek*, 9th Dist. Summit No. 28727, 2018-Ohio-2496, ¶ 11 ("[A]ny violation of the traffic law provides the reasonable suspicion required for an officer to make an investigatory stop.").

{¶8}    Mr. Kuhn only challenges the propriety of the traffic stop in this matter. He argues that because the officer did not have a reasonable suspicion to effectuate a traffic stop of his vehicle, the trial court erred in denying his motion to suppress. He contends that he "was unaware that the road changed direction" because "[t]raffic arrows and painted lines are not present throughout the large[,] curved intersection." Because he "was unfamiliar with the curvature of the intersection" he "did not turn his vehicle left or right[,]" but instead "traveled in a continuous straight line through the intersection" and "was not required to signal." Nevertheless, he characterizes his actions as a "de minimus (sic) traffic violation" and claims it was not enough to create reasonable and articulable suspicion.

{¶9}    In denying the motion to suppress, the trial court ultimately concluded that Sergeant Rose had a reasonable, articulable suspicion to initiate a traffic stop of Mr. Kuhn's vehicle. The

court's decision was based on the sergeant's testimony at the suppression hearing as well as the dash cam video from his cruiser. The court found that Sergeant Rose testified as to observing Mr. Kuhn's vehicle "go over the left center line over the double[-]yellow line." The court found it to be "clear" in the video that "[Mr. Kuhn's] vehicle does drive over the double[-]yellow line[,]" which is "a violation of [R.C.] 4511.33[,] not driving within marked lanes * * *." The court further found that Sergeant Rose testified that, further down the road, Mr. Kuhn "drifted from one lane to the next" "instead of proceeding to the same lane" through an intersection. With respect to the video, the court found that Mr. Kuhn "drove straight to the right and ended up in the curb lane * * * without signaling he was changing lanes."

{¶10} Upon review, this Court concludes that the trial court's findings of fact are supported by competent, credible evidence. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Sergeant Rose testified that he was on duty on December 8, 2019. According to the sergeant, at approximately 2:30 A.M., he was in his cruiser and stopped at a red light while headed northbound on Route 94. Mr. Kuhn was driving a vehicle that turned left in front of the sergeant's stopped vehicle from State Street onto Route 94 and began heading north. The sergeant testified that he followed Mr. Kuhn's vehicle and clearly observed the vehicle's left tires drive over one of the lines of the double-yellow line near Mill Street. In the dash cam video, Route 94 northbound becomes two through lanes prior to the intersection at both College Street and Broad Street. Mr. Kuhn's vehicle was in the left-hand lane when he stopped at a red light at that intersection. Sergeant Rose testified that he expected Mr. Kuhn to then go through the intersection while remaining in the left-hand lane. As the light turned green and Mr. Kuhn traversed the intersection, however, the sergeant testified that he "drifted [and] made a lane change" from the left-hand lane into the right-hand lane without signaling. After emerging from intersection in the right-hand lane,

Mr. Kuhn used his left turn signal and returned to the left-hand lane. Having observed two separate traffic violations at that point, Sergeant Rose initiated a traffic stop of Mr. Kuhn's vehicle. The sergeant's dash cam video corroborated his testimony as to both traffic violations. Consequently, we determine that the trial court's factual findings are based on competent, credible evidence. *See id.* We therefore accept the court's findings as true and will apply the law to those facts. *See id.*

{¶11} Once again, observing any minor traffic violation provides an officer with reasonable suspicion to effectuate a valid traffic stop of a motorist. *See Erickson*, 76 Ohio St.3d at 11-12. Here, Sergeant Rose saw Mr. Kuhn's vehicle change lanes within an intersection without signaling. R.C. 4511.39(A) states: "No person shall turn a vehicle * * * or move right or left upon a highway * * * without giving an appropriate signal * * *." "Failure to use a turn signal while changing lanes indicates a violation of R.C. 4511.39." *State v. Wright*, 9th Dist. Medina No. 2371-M, 1995 WL 404964, *2 (June 28, 1995). This traffic violation, however minor or de minimis, provided Sergeant Rose with requisite reasonable suspicion to stop Mr. Kuhn's vehicle. *See Erickson* at 11-12.

{¶12} We find no merit in Mr. Kuhn's arguments that, because of his unfamiliarity with the road and the lack of traffic arrows and painted lines throughout the intersection, Sergeant Rose did not have a reasonable suspicion to stop his vehicle. Even assuming arguendo that Mr. Kuhn's tenuous arguments here have merit, this was not the only traffic violation observed by Sergeant Rose. The sergeant witnessed *two* separate traffic violations, the first of which was Mr. Kuhn driving his vehicle onto the double-yellow line near Mill Street. R.C. 4511.33(A)(1) states: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, * * * [a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such

movement can be made with safety." "Generally, crossing the double-yellow lines is a violation of R.C. 4511.33(A)(1)." *Koepke v. Metro. Property and Cas. Ins. Co.*, 10th Dist. Franklin No. 16AP-601, 2017-Ohio-4084, ¶ 19, citing *State v. Wooten*, 11th Dist. Lake No. 2004-L-084, 2006-Ohio-199, ¶ 20, and *State v. Salter*, 8th Dist. Cuyahoga No. 83194, 2004-Ohio-4086, ¶ 10. *See also State v. Burton*, 12th Dist. Butler No. CA2005-12-528, 2006-Ohio-4048, ¶ 8. "A traffic stop is constitutionally valid when a law-enforcement officer witnesses a motorist drift over the lane markings in violation of R.C. 4511.33, even without further evidence of erratic or unsafe driving." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, at syllabus. Mr. Kuhn has made no argument on appeal challenging Sergeant Rose's reasonable suspicion based on the marked lanes violation which, irrespective of his later changing lanes without signaling violation, also provided the sergeant with reasonable suspicion to stop the vehicle.

{¶13} Because Sergeant Rose observed Mr. Kuhn's vehicle committing two separate traffic violations, we conclude that he had a reasonable suspicion to effectuate a traffic stop of the vehicle. *See Erickson* at 11-12. *See also State v. Massey*, 9th Dist. Summit No. 29312, 2020-Ohio-1206, ¶ 16. Accordingly, the trial court did not err in denying Mr. Kuhn's motion to suppress.

{¶14} Mr. Kuhn's sole assignment of error is overruled.

III.

{¶15} Mr. Kuhn's sole assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOCELYN STEFANCIN and KIMBERLY STOUT-SHERRER, Attorneys at Law, for Appellant.

BRADLEY J. PROUDFOOT, Assistant Director of Law, for Appellee.