OPINION
{¶ 1} This is an appeal from Appellant's conviction and sentence on one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. § 4511.19(A)(1) and one count of speeding.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On December 9, 2004, Deputy Jonathan Curtiss of the Fairfield County Sheriff's Office received a radio dispatch concerning a suspicious vehicle at the McDonald's restaurant in Carroll. (T. at 5). Upon arriving at said restaurant, which was closed, Deputy Curtiss observed a white van parked between the drive thru lane and a row of parking spaces. (T. at 6, 10). Upon approaching the driver's door of the vehicle, Deputy Curtiss observed Appellant, who appeared to be asleep. The deputy tapped on the window for approximately 30 seconds before Appellant awoke, looked at the deputy, and proceeded to put his head back down. Deputy Curtiss continued tapping on the window and motioned for Appellant to roll down his window. In response, Appellant raised his head, looked at the deputy and drove away. Deputy Curtiss yelled for Appellant to stop, got into his cruiser and eventually stopped Appellant. (T. at 11-14).
{¶ 4} Upon further investigation, Appellant was arrested and charged with operating a motor vehicle while under the influence of alcohol.
{¶ 5} At his arraignment, Appellant entered a plea of not guilty.
{¶ 6} On December 27, 2004, Appellant filed a Motion to Suppress, contesting the reasonableness of the stop.
{¶ 7} An oral hearing on the Motion to Suppress was held on January 28, 2005.
{¶ 8} On March 10, 2005, the trial court denied Appellant's Motion to Suppress.
{¶ 9} Appellant changed his former plea of not guilty to a plea of no contest to the violation of R.C. § 4511.19(A).
{¶ 10} Based on his plea of no contest, the trial court found Appellant guilty and sentenced him to 180 days in jail, with 170 days suspended on 2 years good behavior and a $500.00 fine.
{¶ 11} It is from this conviction and sentence Appellant appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR
{¶ 12} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS."
 I.
{¶ 13} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to suppress. We disagree.
{¶ 14} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App. 3d 93, 96; State v.Claytor (1993), 85 Ohio App. 3d 623, 627; State v. Guysinger (1993),86 Ohio App. 3d 592.
{¶ 15} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
{¶ 16} Specifically, Appellant claims that his seizure and detention was an unconstitutional seizure under the Fourth Amendment of the United States Constitution.
{¶ 17} The Fourth Amendment is not implicated in all personal encounters between law enforcement officials and citizens, especially when the encounter is consensual. Florida v. Bostick (1991), 501 U.S. 4259, 434, 111 S.Ct. 2382, 2386.
{¶ 18} The trial court found that the initial encounter where the officer approached Appellant while he was sitting in his parked vehicle was a consensual encounter. A law enforcement officer does not need reasonable suspicion merely to approach an individual to make reasonable inquiries. See Bostick at 434, 111 S.Ct. 2382, 2386; State v. King (Aug. 23, 1999), Clermont App. No. CA98-12-123, unreported.
{¶ 19} However, the trial court went on to find that once Appellant drove away, the officer had to effect a stop which constituted a seizure. The trial court found that the manner in which Appellant terminated the consensual encounter provided the officer with reasonable suspicion to justify the seizure.
{¶ 20} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
{¶ 21} Initially, we find that the officer had reasonable suspicion to approach Appellant's vehicle in the parking lot based on the radio dispatch he received. Once the officer approached the vehicle and discerned that the driver of the vehicle was sleeping behind the wheel, the officer had reasonable suspicion to investigate further. Appellant driving away from the officer caused more suspicion. We further find that the officer had reason to effect a stop/seizure of Appellant after he drove away from the initial encounter in that the officer had a reasonable, articulable suspicion that the vehicle he was stopping was possibly engaged in criminal activity.
{¶ 22} Based on the above, we do not find that the trial court erred in denying Appellant's motion to suppress.
{¶ 23} Appellant's sole assignment of error not well-taken and overrule same.
{¶ 24} The decision of the Fairfield County Municipal Court is affirmed.
Boggins, P.J., Wise, J., and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court, Lancaster, Ohio, is affirmed. Costs assessed to Appellant.