[Cite as *State v. Thompson*, 2019-Ohio-2269.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ARSIE THOMPSON

    Appellant

C.A. No.    18CA011292

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15CR092808

DECISION AND JOURNAL ENTRY

Dated: June 10, 2019

CARR, Judge.

{¶1} Appellant, Arsie Thompson, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} After a series of controlled drug buys involving a confidential informant, Lorain police conducted a search of Thompson's residence in November 2015. During the search of the house located at 604 East 35th Street, Lorain, Ohio, police discovered items indicative of drug trafficking, including money, over 100 grams of cocaine, and cell phones.

{¶3} On December 18, 2015, the Lorain County Grand Jury charged Thompson with a number of offenses, including possession of drugs with major drug offender and forfeiture specifications, as well as a bevy of trafficking charges. Thompson pleaded not guilty to the charges at arraignment.

{¶4} After successfully moving the trial court to unseal the search warrant and supporting affidavit, Thompson filed a motion to suppress challenging the validity of the search of his home. The State filed a brief in opposition to the motion. With leave of court, Thompson filed an amended motion to suppress wherein he raised a number of issues, including whether the search occurred prior to the issuance of a valid search warrant. The State also filed a brief in opposition to the amended motion. This matter proceeded to a hearing. The trial court ultimately issued a journal entry denying Thompson's motion to suppress. In that same journal entry, the trial court granted a motion filed by the State to amend the indictment with respect to the date of the offense for several charges.

{¶5} Thompson ultimately pleaded no contest to one count of possession of drugs with major drug offender and forfeiture specifications; one count of trafficking in drugs with major drug offender and forfeiture specifications, four additional counts of trafficking in drugs; one count of possession of criminal tools; and one count of possession of drug paraphernalia. The trial court found Thompson guilty of the aforementioned offenses and imposed a total prison sentence of 11 years along with a fine of $10,000.

{¶6} On appeal, Thompson raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED MR. THOMPSON'S MOTION TO SUPPRESS AS IT WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE. [EMPHASIS OMITTED.]

{¶7} In his sole assignment of error, Thompson contends that the trial court erred in granting the motion to suppress because its decision was not supported by competent, credible evidence.

**{¶8}** A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*., citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

**{¶9}** The suppression hearing focused on the question of whether police obtained a valid search warrant prior to searching Thompson's home. The sole witness to testify at the hearing was Officer Matthew Bonkoski of the Lorain Police Department. At the conclusion of the suppression hearing, the trial court indicated that it would "take [the matter] under advisement and issue an opinion." The parties filed written closing arguments. The court issued a journal entry denying the motion on January 17, 2018. In its journal entry, the trial court did not set forth factual findings. Instead, the trial court indicated that it was denying the motion "[b]ased on the evidence presented, testimony given, credibility of the witnesses, and for good cause shown[.]"

**{¶10}** Thompson raises a number of arguments in support of his assignment of error, including that the trial court failed to make the requisite factual findings necessary to facilitate appellate review. While the State has acknowledged that the trial court's journal entry did not contains findings of fact, it suggests that the record is sufficient to allow for appellate review

given the nature of the evidence and the fact that only one witness testified at the suppression hearing.

{¶11} We are compelled to sustain Thompson's assignment of error to the extent that the trial court failed to make adequate factual findings in support of its suppression ruling. We have repeatedly held that "[w]hen the trial court fails to make adequate factual findings, this Court cannot determine the extent to which the facts in the record were considered by the trial court." *State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 18, citing *State v. Trivett*, 9th Dist. Medina No. 15CA0041-M, 2016-Ohio-8204, ¶ 8. When a trial court fails to make factual findings in ruling on a motion to suppress, this Court must reverse and remand for the trial court to make the requisite findings and rule on the motion in the first instance. *Purefoy* at ¶ 18. Here, a review of the record reveals that the trial court neither stated its factual findings on the record at the conclusion of the suppression hearing, nor set forth factual findings in its journal entry denying Thompson's motion to suppress. Accordingly, Thompson's assignment of error is sustained to the extent that the trial court failed to make factual findings in support of its ruling. Moreover, in light of the well-delineated contours of Fourth Amendment jurisprudence, the trial court erred when it applied a "good cause" standard in denying the motion to suppress. This Court takes no position on the substantive legal arguments raised by Thompson challenging the trial court's denial of his motion.

{¶12} The assignment of error is sustained.

III.

{¶13} Thompson's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

MICHAEL J. DUFF, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.