[Cite as *State v. R.L.*, 2020-Ohio-2811.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 29573 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| R. L. | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CR 19 06 1994 |

DECISION AND JOURNAL ENTRY

Dated: May 6, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, the State of Ohio, appeals from the judgment of the Summit County Court of Common Pleas, granting Appellee, R.L.'s, motion to suppress. This Court affirms.

I.

{¶2} Shortly after 3:00 a.m., Officer Paul Gramlich was on patrol with his canine when he spotted an SUV traveling southbound on Northfield Road. Because the car's rear license plate was not properly displayed, he executed a traffic stop. He approached the car and spoke with the driver and R.L., the front seat passenger. Both occupants exhibited behavior that aroused his suspicions, so he retrieved his canine and led it around the car. After the canine alerted, he removed R.L. and the driver, patted them down, and had them wait outside while he searched the car.

{¶3} Officer Gramlich uncovered a small amount of marijuana in the car, including leaf shake on the passenger's side. He then searched R.L., found a cigarette pack on his person, and

searched the pack. Inside the pack, he discovered several baggies of cocaine. R.L. was also carrying over $700 in cash.

{¶4} A grand jury indicted R.L. on one count of trafficking in cocaine, one count of possession of cocaine, and one forfeiture specification related to the cash. R.L. filed a motion to suppress, challenging the constitutionality of the search of his person. The State responded in opposition to his motion, and the court held a hearing. Following the hearing, the court granted the motion to suppress.

{¶5} The State immediately appealed from the trial court's ruling in favor of R.L. on his motion to suppress. Its appeal is now before us and contains one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY SUPPRESSING THE EVIDENCE.

{¶6} In its sole assignment of error, the State argues that the trial court erred when it granted R.L.'s motion to suppress. Specifically, it argues that Officer Gramlich had a constitutional basis to search R.L. This Court disagrees.

{¶7} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial

court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶8} "'[W]hen a [trained drug] dog alerts to the presence of drugs [inside a vehicle], it gives law enforcement probable cause to search the entire vehicle.'" *State v. Reid*, 9th Dist. Lorain No. 12CA010265, 2013-Ohio-4274, ¶ 9, quoting *State v. Almazan*, 9th Dist. Medina No. 05CA0098-M, 2006-Ohio-5047, ¶ 15. *Accord State v. Dixon*, 9th Dist. Medina Nos. 11CA0065-M, 11CA0087-M, 2012-Ohio-4428, ¶ 10. That search extends to "every part of the vehicle and its contents, including all movable containers and packages, that may logically conceal the object of the search." *State v. Welch*, 18 Ohio St.3d 88 (1985), syllabus. Yet, "[a] canine alert alone does not establish probable cause sufficient to fully search or arrest [the passenger] of a vehicle * * *." *State v. Robinson*, 9th Dist. Wayne No. 10CA0022, 2012-Ohio-2428, ¶ 14. Absent some other exception to the warrant requirement, a search of the passenger's person must be based on probable cause that he has engaged or is engaging in criminal activity. *See State v. Kay*, 9th Dist. Wayne No. 09CA0018, 2009-Ohio-4801, ¶ 9-17. *See also Wyoming v. Houghton*, 526 U.S. 295, 303 (1999), citing *United States v. Di Re*, 331 U.S. 581 (1948).

{¶9} Probable cause consists of "'a reasonable ground for belief of guilt.'" *State v. Moore*, 90 Ohio St.3d 47, 49 (2000), quoting *Carroll v. United States*, 267 U.S. 132, 161 (1925). "[A] probable cause determination is a fact-intensive inquiry * * *.'" *State v. Davis*, 9th Dist. Summit No. 29273, 2020-Ohio-473, ¶ 19. The determination "is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, [and] association with criminals and locations." *State v. White*, 9th Dist. Wayne

No. 05CA0060, 2006-Ohio-2966, ¶ 24, quoting *State v. Shull*, 5th Dist. Fairfield No. 05-CA-30, 2005-Ohio-5953, ¶ 20.

{¶10} R.L. conceded the legality of the traffic stop that Officer Gramlich conducted as well as the sniff that his canine partner performed. In moving to suppress the evidence against him, R.L. only challenged the legality of the search of his person. The trial court made the following findings of fact in support of its legal determination on that issue.

{¶11} The trial court found that R.L. appeared flushed when Officer Gramlich observed him and the officer interpreted that as nervousness. It found that, after Officer Gramlich's canine alerted to the front driver's side of the car, the officer removed R.L. and the driver from the car. The court found that the officer did not consider either occupant dangerous and allowed them to sit on the guardrail next to the car while he searched it. The search of the car uncovered a marijuana roach, a vape pen, a small bag of marijuana, and marijuana leaf shake, the last of which was found on the passenger's side floor. After finding those items, Officer Gramlich searched R.L. and found a pack of cigarettes. He then searched inside the pack of cigarettes and found several baggies of cocaine.

{¶12} The trial court determined, based on the totality of the circumstances, that Officer Gramlich conducted an unconstitutional search of R.L.'s person. The court found that the officer failed to articulate any specific facts tending to show that R.L. had engaged in criminal activity sufficient to warrant a search of his person. The court noted that the officer only uncovered a minor misdemeanor amount of marijuana in the car. Because that discovery, in conjunction with R.L.'s flushed appearance, did not "support a reasonable articulable suspicion that [R.L.] possessed contraband" or that he otherwise had engaged in criminal activity, the court granted the motion to suppress.

{¶13} The State has not challenged any of the trial court's factual findings and, upon review, this Court concludes that they are based on competent, credible evidence. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Officer Gramlich testified that the driver of the car appeared nervous when he spoke with her and that R.L. kept very still, looked flush, and also seemed nervous. He did not indicate whether he even spoke with R.L., and the recording from his body cam shows that he only briefly addressed him while asking for his identification. For the most part, Officer Gramlich focused on the driver's behavior and her responses to his questions. The officer testified that, after his canine alerted to the front driver's side of the car, he directed R.L. and the driver to step out of the car. The body cam recording shows that he patted down R.L. at that time and then proceeded to search the car. After he found a small amount of marijuana in the car, including shake on the passenger's side floor, he searched R.L. and found a pack of cigarettes on him. Officer Gramlich agreed that he searched R.L. without consent in order to look for additional contraband. Because the record supports the trial court's findings, this Court accepts its findings as true and considers its legal conclusions. *See id.*

{¶14} The State argues that the trial court erred when it concluded, based on the totality of the circumstances, that Officer Gramlich lacked reasonable suspicion to conduct a search of R.L.'s person. It argues that the totality of the circumstances supported the conclusion that R.L. was engaged or was about to be engaged in criminal activity. Those circumstances included the canine alert, the presence of marijuana shake on the passenger's side of the car, and the nervousness of both the driver and R.L. Because those circumstances generated reasonable suspicion for a search of R.L.'s person, the State argues, the court erred by granting the motion to suppress.

{¶15} Initially, this Court notes that both the trial court and the State have incorrectly focused on the question of reasonable suspicion. Though both reasonable suspicion and probable cause entail a review of the totality of the circumstances, "[r]easonable suspicion is something less than probable cause * * *." *State v. Carey*, 9th Dist. Summit No. 28689, 2018-Ohio-831, ¶ 10. The two standards are not interchangeable and, when an officer conducts a warrantless search of the type described herein, it must be based on probable cause. *See Kay*, 2009-Ohio-4801, at ¶ 9-17. The question, therefore, was whether Officer Gramlich had probable cause to search R.L., not whether he had reasonable suspicion. Because the trial court nevertheless reached the correct result in this matter, this Court merely notes the flaw in its legal analysis. *See State v. Spaulding*, 9th Dist. Summit No. 28526, 2018-Ohio-3663, ¶ 36, quoting *State v. Wesson*, 9th Dist. Summit No. 28574, 2012-Ohio-4495, ¶ 31 ("'[T]his Court will not reverse a correct judgment merely because of a flaw in the trial court's analysis.'").

{¶16} The record supports the conclusion that the State failed to prove the search of R.L.'s person was reasonable under the Fourth Amendment. *See State v. Kessler*, 53 Ohio St.2d 204, 207 (1978). Although Officer Gramlich's canine alerted to the presence of narcotics in the car, the search of the car only uncovered a small amount of marijuana. "The offense of possession of marijuana in an amount less than 100 grams constitutes a minor misdemeanor[,]" and is not an arrestable offense. *Robinson*, 2012-Ohio-2428, at ¶ 24. *Accord State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, ¶ 22-25. Thus, the discovery of the marijuana did not provide Officer Gramlich with probable cause to arrest R.L. or to search him incident to that arrest. Nor was the plain feel doctrine applicable herein, as the officer did not testify that the contraband inside the cigarette pack was immediately apparent to him when he initially ordered R.L. out of the car and patted him down. *See Robinson*, 2012-Ohio-2428, at ¶ 19. The evidence showed that the car

belonged to the driver, not R.L., and that Officer Gramlich had very little interaction with R.L. His testimony primarily focused on the behavior of the driver, and the only observation he made about R.L. was that he seemed nervous. Yet, he did not attempt to develop his observation that R.L. seemed nervous. He did not ask R.L. any questions about where he had come from that evening or where he was headed at such a late hour. Nor did he testify that R.L. failed to make eye contact with him, that he was hesitant to provide his identification, that he otherwise acted in an evasive manner, or that he engaged in any furtive movements. His testimony was strictly that he searched R.L. because he seemed nervous and he found a small amount of marijuana in the car in which R.L. was a passenger. Based on the totality of the circumstances, this Court cannot conclude that Officer Gramlich had probable cause to search R.L.'s person. *See id.* at ¶ 18-27; *Kay*, 2009-Ohio-4801, at ¶ 9-17. Accordingly, the State's sole assignment of error is overruled.

### III.

{¶17} The State's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellant.

JAMES R. WILLIS, Attorney at Law, for Appellee.