[Cite as *State v. Thompson*, 2020-Ohio-3540.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 19CA011572 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ARSIE THOMPSON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 15CR092808 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

CALLAHAN, Presiding Judge.

{¶1} Defendant-Appellant, Arsie Thompson, appeals from the judgment of the Lorain County Court of Common Pleas denying his motion to suppress. This Court affirms.

I.

{¶2} Police officers used a confidential informant to conduct four controlled buys, during which their informant purchased cocaine from Mr. Thompson. Three of the buys took place at Mr. Thompson's residence and the fourth took place at a neighborhood store. The police obtained an arrest warrant for him following the second controlled buy, but waited to execute it. After the fourth controlled buy, they obtained a search warrant for his residence and executed both warrants at the same time. The search of Mr. Thompson's residence uncovered over 100 grams of cocaine and more than $6,500 in cash.

{¶3} A grand jury indicted Mr. Thompson on multiple counts of trafficking in cocaine as well as possession of cocaine, possession of criminal tools, drug paraphernalia offenses, two

major drug offender specifications, and two forfeiture specifications. A lengthy period of motion practice ensued, during which Mr. Thompson moved to suppress the evidence taken from his residence. It was his position that the police conducted their search before they obtained a search warrant. The State opposed the motion to suppress, but also moved to amend the indictment to reflect that four of Mr. Thompson's crimes were committed one day later than the date alleged in his indictment. The court ultimately granted the State's motion to amend and, following a suppression hearing, denied Mr. Thompson's motion to suppress. After the court denied his motion, he pleaded no contest to his indictment and was sentenced to eleven years in prison.

{¶4} Mr. Thompson appealed from the court's denial of his motion to suppress. On appeal, this Court determined that the trial court had erred by failing to issue factual findings in support of its ruling. *See State v. Thompson*, 9th Dist. Lorain No. 18CA011292, 2019-Ohio-2269. This Court remanded the matter for the trial court to issue findings of fact in the first instance. *Id.* at ¶ 11. Following our remand, the trial court issued a new ruling.

{¶5} Mr. Thompson now appeals from the trial court's denial of his motion to suppress and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DENIED MR. THOMPSON'S MOTION TO SUPPRESS AS IT WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE.

{¶6} In his sole assignment of error, Mr. Thompson argues that the trial court erred when it denied his motion to suppress. He argues that the court's decision is not based on competent, credible evidence because the evidence shows that the police searched his residence before they obtained a search warrant. Upon review, this Court rejects his argument.

{¶7}     A motion to suppress evidence "presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶8}     The trial court found that the Lorain Police Department used a confidential informant to purchase cocaine from Mr. Thompson on October 13, 2015; October 21, 2015; October 28, 2015; and November 11, 2015. It found that three of those controlled buys occurred at Mr. Thompson's residence, and the fourth occurred in a store parking lot. Although the police obtained an arrest warrant for Mr. Thompson after the second controlled buy, they waited to execute it. The court found that, one day after the fourth controlled buy, Detective Matthew Bonkoski obtained a search warrant for Mr. Thompson's residence. The court found that a common pleas court judge signed the warrant on November 12, 2015, and the police executed both the arrest warrant and the search warrant the following morning (i.e., November 13, 2015). Although Mr. Thompson's indictment alleged that several of his crimes were committed on November 12th, the court was persuaded by the detective's testimony that the November 12th date was an error. The court found, based on the detective's unopposed testimony and the date on the search warrant, that the search warrant was issued one day before the search. Consequently, it denied Mr. Thompson's motion to suppress.

{¶9} Mr. Thompson argues that the trial court's ruling is not based on competent, credible evidence. He notes that four of his indicted charges stemmed from the search that the police conducted at his residence. He further notes that, before his indictment was amended, he was alleged to have committed those offenses "on or about November 12, 2015." Because the warrant for the search of his residence did not issue until the afternoon of November 12th, Mr. Thompson argues that the record supports the conclusion that the search occurred before the warrant issued.

{¶10} Detective Bonkoski was the only witness who testified at the suppression hearing. He testified that the police used a confidential informant to conduct four controlled buys from Mr. Thompson, three of which occurred at his residence. He testified that, after the fourth controlled buy, he completed an affidavit and applied for a search warrant. The State introduced the search warrant and its supporting affidavit at the suppression hearing, and both items were signed by a common pleas court judge directly below a date, in print, of November 12, 2015. The detective could not recall the exact time of day that he sought the warrant, but testified that it was his custom to apply for and receive search warrants in the afternoon. He further testified that it was the policy of his department to serve search warrants the morning after their issuance.

{¶11} Detective Bonkoski testified that the search warrant for Mr. Thompson's residence was executed on November 13, 2015, the day after its issuance. He testified that the police arrested Mr. Thompson directly before the search and that he showed Mr. Thompson copies of both his arrest warrant and the search warrant. The State also introduced the inventory log from the search of Mr. Thompson's residence, and the log indicated that the search took place on November 13, 2015. Although Mr. Thompson's indictment alleged that he committed four of his offenses "on

or about November 12, 2015," Detective Bonkoski testified that the November 12th date was an error.

{¶12} Upon review, this Court concludes that the trial court's factual findings are based on competent, credible evidence. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Detective Bonkoski specifically testified that he secured the search warrant the day before executing it, consistent with the custom of his department. The trial court, as the trier of fact, was in the best position to adjudge his credibility. *See id.* Moreover, the copies of the search warrant and inventory log from the search corroborated his testimony that the search warrant issued on November 12th and the search was conducted the following day. Although Mr. Thompson's indictment alleged that he committed various offenses on November 12th, the trial court reasonably could have concluded that the November 12th date was a clerical error. Because the record supports the court's factual findings and Mr. Thompson has not challenged its legal conclusions, this Court rejects his argument that the trial court erred by denying his motion to suppress. Mr. Thompson's sole assignment of error is overruled.

III.

{¶13} Mr. Thompson's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL J. DUFF, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.