[Cite as *State v. Iloba*, 2021-Ohio-3700.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 20AP0030 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| IFEANYI ILOBA | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2020 TRC 1752 |

DECISION AND JOURNAL ENTRY

Dated: October 18, 2021

CALLAHAN, Judge.

{¶1} Appellant, Ifeanyi Iloba, appeals an order of the Wayne County Municipal Court that denied his motion to suppress. This Court affirms.

I.

{¶2} An Ohio State Patrol Trooper initiated a stop of a vehicle driven by Mr. Iloba after he saw the vehicle drift over the center line and back while completing a turn. The trooper followed Mr. Iloba with his lights activated until Mr. Iloba pulled into the parking lot of a gas station. When the trooper approached the vehicle to speak with Mr. Iloba, he noted that the windows of the vehicle had not been cleared of frost and detected the strong odor of an alcoholic beverage. He also observed that Mr. Iloba's eyes were red, glassy, and bloodshot. Mr. Iloba told the trooper that he had just left a local bar, where he had consumed two beers. In response to the trooper's questions and gestures regarding the size of the beers, Mr. Iloba indicated that they were of a large size.

{¶3}    The trooper administered field sobriety tests to Mr. Iloba in the parking lot. During administration of the horizontal gaze nystagmus ("HGN") test, the trooper noted six clues, but during the one-leg stand and walk-and-turn tests, he noted none.  Mr. Iloba was arrested and charged with driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), driving with a prohibited breath concentration of alcohol in violation of R.C. 4511.19(A)(1)(d), and failure to drive within marked lanes in violation of R.C. 4511.33.

{¶4}    Mr. Iloba moved to suppress all evidence gained as a result of the prolonged stop and his arrest, arguing that the trooper did not have a reasonable suspicion that justified detaining him to conduct field sobriety tests and that the trooper did not have probable cause to arrest him. Mr. Iloba also moved to suppress the results of the field sobriety tests, arguing that they were not conducted in substantial compliance with National Highway Traffic Safety Administration ("NHTSA") standards.  The trial court granted the motion to suppress with respect to the HGN test, concluding that the trooper deviated from the time that it should take to conduct the test by approximately twenty-five percent.  Nonetheless, the trial court determined that the trooper had probable cause to arrest Mr. Iloba and denied the motion to suppress in every other respect.

{¶5}    Mr. Iloba pleaded no contest to the charge of driving with a prohibited breath-alcohol concentration, and the trial court dismissed the remaining charges.  The trial court found Mr. Iloba guilty and sentenced him to twelve months of community control including three days in jail and a stipulation that he was not to possess or consume alcohol.  Six points were also assessed against Mr. Iloba's driver's license.  Mr. Iloba appealed the trial court's ruling on the motion to suppress, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE TROOPER HAD A REASONABLE, ARTICULABLE SUSPICION TO EXPAND THE TRAFFIC STOP.

{¶6}   In his first assignment of error, Mr. Iloba has argued that the trial court erred by determining that the trooper had a reasonable articulable suspicion that justified Mr. Iloba's continued detention for the purpose of performing field sobriety tests.  This Court does not agree.

{¶7}   This Court's review of a trial court's ruling on the motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact.  *Id*.; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994).  Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence.  *Burnside* at ¶ 8.  Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo.  *See id.*  In other words, this Court then accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶8}   The investigatory stop of an automobile is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime."  *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663

(1979) and *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984), quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975). In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

{¶9} The duration of a traffic stop is determined by the purpose for which it was initiated, and a stop may not last longer than is necessary to accomplish that purpose. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). *See also State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 12, citing *State v. Howard*, 12th Dist. Preble Nos. CA2006-02-002, CA2006-02-003, 2006-Ohio-5656, ¶ 15; *State v. Rackow*, 9th Dist. Wayne No. 06-CA-0066, 2008-Ohio-507, ¶ 8. An officer may not prolong a stop for the purpose of conducting inquiries unrelated to the original purpose without "the reasonable suspicion ordinarily demanded to justify detaining an individual." *Rodriguez* at 355. "If, however, during the investigatory stop 'the officer discovers additional facts from which it is reasonable to infer additional criminal activity[,] the officer is permitted to lengthen the duration of the stop to investigate such suspicions.'" (Alteration in original.) *State v. Spees*, 9th Dist. Medina No. 17CA0061-M, 2018-Ohio-2568, ¶ 8, quoting *State v. Williams*, 9th Dist. Lorain No. 09CA009679, 2010-Ohio-3667, ¶ 15. *See Batchili* at ¶ 17 and paragraph two of the syllabus. As with an initial stop, the question of whether an officer had a reasonable suspicion for a continued detention is evaluated with reference to the totality of the circumstances. *Spees* at ¶ 8.

{¶10} Mr. Iloba has not challenged the trial court's findings of fact. The trial court found that in his rear-view mirror, the trooper observed Mr. Iloba's vehicle enter an intersection before his light turned green. The trooper then reversed direction to follow the vehicle. The trooper observed Mr. Iloba cross over the yellow line during a left-hand turn, and the trial court

noted that the completion of this turn, showing Mr. Iloba's vehicle "slightly over the yellow line and moving to the right," was captured in footage from the trooper's dashboard camera. The trooper stopped Mr. Iloba's vehicle based on this marked-lanes violation.

{¶11} The trial court found that when the trooper approached the vehicle, he observed that the windows were "completely frosted over" and the driver's front window had "only * * * a small clear spot." Before asking Mr. Iloba to exit the vehicle, the trooper observed the strong odor of alcohol on Mr. Iloba's person and noted that his eyes were red, glassy, and bloodshot. The trial court found that Mr. Iloba informed the trooper that he was on his way home from a bar, noted that Mr. Iloba stated that he "had had two 'tall boy' alcoholic beverages[,]"[1] and observed that the incident occurred around 11:15 p.m.

{¶12} Mr. Iloba directs this Court's attention to *State v. Wood*, 9th Dist. Wayne No. 18AP0011, 2019-Ohio-3985, and argues that the same result is warranted in this case. *Wood*, however, presented a different question. In that case, the appellant challenged the trial court's findings of fact in several respects. *Id*. at ¶ 9-15. This Court concluded that the trial court's findings were not supported by competent credible evidence and determined that the trial court erred on that basis. *Id*. at ¶ 16. In this case, Mr. Iloba has not challenged the trial court's findings of fact. Accepting the trial court's findings of fact as true, this Court must independently consider whether the trial court erred by determining that the trooper had a reasonable suspicion of criminal activity that justified detaining Mr. Iloba for field sobriety tests.

---

[1] The trooper testified that Mr. Iloba "did admit to having two beers and he did admit to [them] being Tall Boys[,]" but he did not testify that Mr. Iloba stated this fact affirmatively. The video of the stop, however, demonstrates that the trooper asked Mr. Iloba how big the beers were and that the trooper established through hand gestures that the beers were quite large.

*See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8; *Spees*, 2018-Ohio-2568, at ¶ 13-14; *State v. Hochstetler*, 9th Dist. Wayne No. 16AP0013, 2016-Ohio-8389, ¶ 13; *State v. Mencini*, 9th Dist. Summit No. 27322, 2015-Ohio-89, ¶ 15-16. This analysis evaluates the circumstances surrounding the detention as a whole, not individually. *Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, paragraph two of the syllabus, citing *United States v. Arvizu*, 534 U.S. 266, 274 (2002).

{¶13} Based on the totality of the circumstances surrounding the stop at issue in this case, the trooper had a reasonable and articulable suspicion that Mr. Iloba was driving under the influence of alcohol. The trooper initiated the stop after noting that the vehicle driven by Mr. Iloba crossed out of his lane of travel while completing a left-hand turn. The traffic stop occurred at 11:15 p.m., and Mr. Iloba acknowledged that he had just left a nearby bar where he had consumed two large beers. The trooper noted a "strong, strong" odor of alcohol before he asked Mr. Iloba to step from the vehicle and observed that Mr. Iloba's eyes were glassy, bloodshot, and red.

{¶14} The trooper's observations must also be "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Andrews*, 57 Ohio St.3d 86, 87-88 (1991). A reviewing court must "give due weight" to the officer's training and experience "and view the evidence as it would be understood by those in law enforcement." *Id*. at 88. With this in mind, this Court concludes that based on the totality of the circumstances, the trooper had a reasonable articulable suspicion that Mr. Iloba was driving while under the influence of alcohol that justified detaining him for the purpose of conducting field sobriety tests.

{¶15} Mr. Iloba's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED IN DETERMINING THAT THERE WAS PROBABLE CAUSE TO ARREST [MR.] ILOBA.

{¶16} In his second assignment of error, Mr. Iloba argues that the trial court erred by determining that the trooper had probable cause to arrest him. This Court does not agree.

{¶17} Probable cause consists of "'a reasonable ground for belief of guilt.'" *State v. Moore*, 90 Ohio St.3d 47, 49 (2000), quoting *Carroll v. United States*, 267 U.S. 132, 161 (1925). When determining whether a law enforcement officer had probable cause to arrest someone for driving under the influence, courts must "consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), *superseded by statute on other grounds*, R.C. 4511.19(D)(4)(b). Although both reasonable suspicion and probable cause are evaluated based on the totality of the circumstances, the concepts are not interchangeable. *State v. R.L.*, 9th Dist. Summit No. 29573, 2020-Ohio-2811, ¶ 15. "Probable cause is a stricter standard than reasonable and articulable suspicion * * * [and] [t]he former subsumes the latter." *Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, at ¶ 23, citing *State v. Evans*, 67 Ohio St.3d 405, 411 (1993). *See also State v. Hawkins*, 158 Ohio St.3d 94, 2019-Ohio-4210, ¶ 20. Nonetheless, both reasonable suspicion and probable cause can be demonstrated with reference to physiological factors that tend to indicate impairment, such as an odor of alcohol on a suspect's person, bloodshot or glassy eyes, slurred speech, or a confused manner. *See*, *e.g.*, *Spees*, 2018-Ohio-2568, at ¶ 30 (probable cause); *State v. A.C.*, 9th Dist. Medina No. 19CA0047-M, 2020-Ohio-713, ¶ 12 (reasonable suspicion).

{¶18} When an officer does not conduct an HGN test in substantial compliance with NHTSA standards, the results of that test cannot be considered for the purpose of determining whether the officer had probable cause for arrest, but "the totality of the circumstances can support a finding of probable cause to arrest even where field sobriety test results must be excluded." *State v. Protsman*, 9th Dist. Summit No. 28778, 2018-Ohio-3927, ¶ 15, citing *State v. Washington*, 9th Dist. Lorain No. 11CA010042, 2012-Ohio-1391, ¶ 10, citing *Homan* at 427; *State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 32. *See generally State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 11. *Compare State v. Hagerman*, 9th Dist. Lorain No. 17CA011176, 2018-Ohio-2135, ¶ 10 ("In evaluating whether probable cause existed, the officer's observations during the defendant's performance of nonscientific field sobriety tests can be considered even if the results of those tests cannot.").

{¶19} In *State v. Hostetler*, 9th Dist. Wayne No. 18AP0058, 2019-Ohio-3413, for example, this Court considered whether the trial court erred by determining that although the HGN test was not conducted in substantial compliance with NHTSA standards, the officer nonetheless had probable cause to arrest the defendant for driving under the influence. *Id*. at ¶ 4, 8-9. In that case, the officer noted that the defendant made a left-hand turn without signaling and, in the course of the turn, crossed out of his lane. *Id*. at ¶ 9. The officer also noted that the driver's appearance and speech appeared to be impaired and that he had red, glassy eyes and the odor of alcohol on his person. *Id*. This Court concluded that even disregarding the results of the excluded field sobriety testing, the totality of the circumstances was sufficient to demonstrate probable cause. *Id*.

{¶20} In this case, the trooper observed that Mr. Iloba initiated a left-hand turn on a red light and, in the course of the turn, crossed out of his lane of travel despite the fact that there was

sufficient room to make the turn within the lane. The trooper noted that the windows of the car were frosted over and that the driver's window had only a small area through which Mr. Iloba could see. In this regard, the trooper testified that his suspicions were aroused because it was unusual, in his experience, for a person to attempt to drive without the ability to see the roadway. The trooper immediately identified a "strong, strong" odor of alcohol emanating from Mr. Iloba's person. Mr. Iloba acknowledged that he had recently left a nearby bar, and the trooper testified that it was not unusual to find impaired motorists on the road at the time of night that this stop occurred. Mr. Iloba also admitted that he had consumed two beers and, as a result of the trooper's inquiry and hand gestures, indicated that they were of a large size. The trooper noted that Mr. Iloba's eyes were red, glassy, and bloodshot.

{¶21} Mr. Iloba suggests that this case must be reversed for the same reasons noted in *State v. Consiglio*, 9th Dist. Medina No. 20CA0035-M, 2021-Ohio-990. This Court notes, however, that the totality of the circumstances present in this case distinguishes it from those present in *Consiglio*. *See generally Consiglio* at ¶ 18. In this case, as in *Hostetler*, this Court concludes that the totality of the circumstances was sufficient to cause a prudent person to believe that Mr. Iloba was driving under the influence. *See Homan*, 89 Ohio St.3d at 427; *Hostetler* at ¶ 9. The trial court did not err by denying Mr. Iloba's motion to suppress on this basis, and his second assignment of error is overruled.

III.

{¶22} Mr. Iloba's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.