[Cite as *State v. Mellinger*, 2023-Ohio-1465.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30338 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KYLE MELLINGER | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 22 TRC 3159 |

DECISION AND JOURNAL ENTRY

Dated: May 3, 2023

STEVENSON, Judge.

{¶1}   Defendant-Appellant Kyle Mellinger ("Mr. Mellinger") appeals from the judgment of the Akron Municipal Court denying his motion to suppress.  We affirm.

I.

{¶2}   On March 26, 2022, at approximately 3:44 a.m., Trooper Adam Knowles observed a red Jeep commit "a number of lane violations." Trooper Knowles testified that the Jeep's driver "was unable to maintain the center of the roadway." Trooper Knowles observed the Jeep commit "two left of center lane violations," "[o]ne on the north side of the bridge [on Arlington Street] and one on the south." Trooper Knowles observed the Jeep's tires drive onto the double yellow line such that he could "see the inside yellow line on the inside of his [the Jeep's] tire."

{¶3}   Trooper Knowles initiated a traffic stop based on his observations.  Mr. Mellinger was identified as the driver of the Jeep.  Mr. Mellinger was charged with violations of R.C.

4511.19(A)(1)(a), operating a vehicle while intoxicated with a blood alcohol content greater than 0.170, and R.C. 4511.33(A)(1), driving in marked lanes.

{¶4} Mr. Mellinger filed a motion to suppress all statements and evidence from the March 26, 2022 traffic stop. Mr. Mellinger argued that the trooper did not have a reasonable suspicion to stop his vehicle. Following a hearing on the matter, the trial court made certain factual findings on the record, including the finding that Mr. Mellinger's "tires are on the yellow lines." This finding supports a marked lane violation. The trial court denied Mr. Mellinger's motion to suppress. Mr. Mellinger pleaded no contest to the charges and the trial court found him guilty of operating a vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a). The court sentenced Mr. Mellinger according to law and this appeal followed.

{¶5} Mr. Mellinger appeals the trial court's judgment denying his motion to suppress, asserting one assignment of error for review.

II.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN FINDING THAT THE ARRESTING OFFICER HAD REASONABLE ARTICULABLE SUSPICION TO STOP MELLINGER FOR A TRAFFIC VIOLATION**.

{¶6} Mr. Mellinger argues that the trial court erred when it denied his motion to suppress. We disagree.

{¶7} The Ohio Supreme Court has stated:

Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Pursuant to *Burnside*, "[o]nce this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo." *State v. Iloba*, 9th Dist. Wayne No. 20AP0030, 2021-Ohio-3700, ¶ 7, citing *Burnside* at ¶ 8.

{¶8} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." Article I, Section 14, of the Ohio Constitution contains nearly identical language. The traffic stop of a vehicle constitutes a seizure for Fourth Amendment purposes. *Whren v. United States*, 517 U.S. 806, 809-810 (1996).

{¶9} "[A] law enforcement officer may stop a vehicle when the officer has a reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity." *State v. Epling*, 105 Ohio App.3d 663, 664 (9th Dist.1995). *See also Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996) ("where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *.") "Reasonable suspicion is something less than probable cause." *Epling* at 664, citing *State v. VanScoder*, 92 Ohio App.3d 853, 855 (9th Dist.1994). In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

{¶10} When "analyzing whether reasonable suspicion existed, this Court looks to the facts available to the officer at the moment of the seizure or the search and considers whether those facts would warrant a man of reasonable caution in the belief that the action taken was appropriate."

(Internal citations and quotations omitted.) *State v. Blair*, 9th Dist. Summit No. 24208, 2008-Ohio-6257, ¶ 5. "Reasonable suspicion is based on the totality of the circumstances." *State v. Bralek*, 9th Dist. Summit No. 28727, 2018-Ohio-2496, ¶ 11, citing *United States v. Cortez*, 449 U.S. 411, 417-418 (1981). The Court must consider "the totality of the circumstances as they were known to [the police] prior to the time [the police] stopped [the defendant], together with reasonable inferences that could be drawn from the circumstances ***." *State v. Tidwell*, 165 Ohio St.3d 57, 2021-Ohio-2072, ¶ 40.

**{¶11}** Mr. Mellinger has not challenged the trial court's findings of fact. In denying Mr. Mellinger's motion to suppress, and addressing the narrow issue that was before it, the trial court referenced the admitted pictures, dash cam recording, and Trooper Knowles's testimony as to what he observed. The trial court found that Mr. Mellinger's tires were "on the yellow lines."

**{¶12}** Accepting the trial court's findings of fact as true, this Court must independently consider "whether the facts satisfy the applicable legal standard." *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. This Court must independently consider whether Trooper Knowles had "a reasonable suspicion, based on specific and articulable facts, that an occupant [Mr. Mellinger] is or has been engaged in criminal activity." *Epling*, 105 Ohio App.3d at 664. *See also Erickson*, 76 Ohio St.3d at 11-12.

**{¶13}** Mr. Mellinger argues that, because the trial court found only that his "tires were on the lines, not that he crossed them," he did not commit a traffic violation and there was no basis for the traffic stop. The state asserts that Trooper Knowles had a reasonable, articulable suspicion to initiate a traffic stop after observing Mr. Mellinger commit multiple R.C. 4511.33(A)(1) marked lane violations.

{¶14} As previously set forth, the trial court made certain findings of fact on the record at the conclusion of the suppression hearing. The trial court did not issue a written entry with factual findings. This Court has recognized that, while it would be "ideal for the trial court to include its factual findings" in a written entry, "trial courts may set forth their factual findings on the record at the suppression hearing." *State v. Robinson*, 9th Dist. Summit No. 29689, 2021-Ohio-1053, ¶ 13, citing *State v. Thompson*, 9th Dist. Lorain No. 18CA011292, 2019-Ohio-2269, ¶ 11; *State v. Shinholster*, 9th Dist. Summit No. 25328, 2011-Ohio-2244, ¶ 7.

{¶15} Based on the totality of the circumstances surrounding the stop at issue in this case, we conclude that Trooper Knowles had a reasonable and articulable suspicion that Mr. Mellinger committed marked lane traffic violations. The trial court found that Trooper Knowles observed Mr. Mellinger's vehicle drive onto the double-yellow line. This Court has concluded that an officer had a reasonable and articulable suspicion to initiate a traffic stop where the defendant drove "onto the double-yellow line" in violation of R.C. 4511.33(A)(1). *State v. Kuhn*, 9th Dist. Medina No. 20CA0070-M, 2021-Ohio-2165, ¶ 12.

{¶16} This Court has recognized that a "trooper's observations must * * * be 'viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold.'" *Iloba*, 2021-Ohio-3700 at ¶ 14, quoting *State v. Andrews*, 57 Ohio St.3d 86, 87-88 (1991). As the reviewing Court, we "must 'give due weight' to the officer's training and experience 'and view the evidence as it would be understood by those in law enforcement.'" *Iloba* at ¶ 14, quoting *Andrews* at 88.

{¶17} Officer Knowles observed Mr. Mellinger commit "two left of center violations." While it was dark and the roads were wet, the dash cam recording shows that Mr. Mellinger's Jeep

was in front of the cruiser and visible to Trooper Knowles. There is no evidence that there were torrential downpours that evening or that there were gaping holes in the road.

{¶18} While Mr. Mellinger argued that surrounding circumstances such as potholes, darkness, and rain caused him to drive onto the yellow line, these issues are for trial not a suppression determination. "Whether the subject of a stop can be convicted of the offense is a different question than whether an officer acted reasonably in light of the facts and circumstances known at the time of the stop." *State v. Rubsam*, 9th Dist. Medina No. 18CA0089-M, 2019-Ohio-2153, ¶ 8, citing *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, ¶ 14-15. As this Court explained in *Rubsam*, "[t]he purpose of a suppression hearing related to a traffic stop is not to determine whether the defendant is guilty of violating a criminal statute, but whether the officer who conducted the traffic stop had a reasonable, articulable suspicion of criminal activity at the time." *Id.*, citing *State v. Hatfield*, 5th Dist. Morrow No. 10-CA-8, 2011-Ohio-597, ¶ 38. Therefore, "an officer who reasonably suspects that a traffic violation has occurred need not determine whether a driver's conduct might be excused before initiating a traffic stop." *Id.*, citing *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 16-17.

{¶19} We conclude that based on the totality of the circumstances, Trooper Knowles had an articulable reasonable suspicion of criminal activity or probable cause to stop Mr. Mellinger for a traffic violation. *Epling*, 105 Ohio App.3d at 664. The traffic stop of Mr. Mellinger's vehicle on the night in question was legally justified. Accordingly, the trial court did not err by denying Mr. Mellinger's motion to suppress.

III.

**{¶20}** This Court overrules Mr. Mellinger's sole assignment of error.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

SUSAN MANOFSKY, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and KIRSTEN L. SMITH, Assistant Director of Law, for Appellee.